## Strawn Appeal.

Argued May 24, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Russell C. Mauch,* of *Mauch & Goodman,* for appellant.

*H. P. McFadden,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, June 30, 1944:

Where an attorney at law is retained to represent the client with regard to the settlement of an estate and is given power to "do whatever he thought should be done for [the client] as an attorney" may he in the exercise of his discretion and with the approval of the court withdraw exceptions filed to an account and thereby preclude said client from later filing exceptions nunc pro tunc? This is an appeal from a decree discharging a rule to show cause why exceptions should not be filed to accounts confirmed absolutely more than two years prior to the filing of the petition for said rule.

The First National Bank and Trust Company of Bethlehem, appellee, was appointed guardian of William M. Strawn, a weak-minded person. It was also attorney-in-fact for Catherine Strawn, appellant, wife of William M. Strawn, and her husband with regard to property owned by them as tenants by the entireties. William Strawn died December 12, 1939, and on August 2, 1940, appellant revoked the power of attorney given to the bank. He left a will under which appellant was executrix and sole beneficiary. On November 22, 1939, appellee filed accounts, both as guardian and as attorney-in-fact. Exceptions were filed to the guardian account by appellant on September 23, 1940, through her counsel, D. M. Garrahan, Esq., a member of the Lehigh County Bar. These exceptions related to the failure of the bank to account for 200 shares of Cities Service stock and 215 shares of stock of the First National Bank and Trust Company of Bridgeport, Connecticut. These exceptions were withdrawn on September 25, 1940. On the exceptions were written "Now, September 25, 1940, in view of the paper shown to me by Mr. Taylor and with permission of the court, exceptions are withdrawn. D. M. Garrahan, Attorney for Exceptant." On December 16, 1940, the second and final supplemental account of the bank, as guardian of William M. Strawn, was filed which accounts were confirmed absolutely on December 23, 1940.

On January 13, 1943, appellant filed her petition for a rule to show cause why she should not be permitted to file exceptions to the aforesaid accounts, alleging that exceptions thereto had been filed on September 23, 1940, but were "withdrawn without her consent or approval and she has but recently learned of the withdrawal and reasons assigned therefor." An answer was filed thereto denying all material allegations and charging appellant with gross laches. After hearing and argument, the court below discharged the rule. This appeal followed.

The scope of authority given to Attorney Garrahan is very broad. He was retained as attorney for appellant in these matters continuously from November, 1939, until November, 1942. Authority to act in the manner complained of does not exist as a result of any express authority by appellant. The nature of the power given was testified to by appellant: "Q. And you retained him to represent you in this matter generally? A. Yes. Q. And to do whatever he thought should be done for you as an attorney? A. Yes. Q. And that was your arrangement with him? A. Yes." By virtue of the broad authority thus conferred it is clear that her counsel had authority to withdraw the exceptions in this matter. See 7 C. J. S. ps. 896-97; Restatement, Agency, sec. 3 (1). Having given him the power to do what he thought should be done for her best interests she cannot now complain that his acts were unauthorized. Appellant relies upon *Starling v. West Erie Ave. B. & L. Assn.*, 333 Pa. 124, and *Quest's Estate*, 324 Pa. 230. The issue before the Court in those cases related to the authority to be implied from a mere attorney and client relationship. No power was there given comparable to that in the present case. These cases are clearly inapposite.

Decree affirmed. Costs to be paid by appellant.